# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:21-cv-80716-RKA**

TULLIA HEISSENBERG, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AGAINST DEFENDANT JOHN DOE

Plaintiff TULLIA HEISSENBERG, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 65(b) as well as Section 10A of the Court's Administrative Procedures for Electronically Filing Documents, hereby respectfully renews her request that this Court enter without notice to Defendant JOHN DOE, an individual, a Temporary Restraining Order (TRO) against him freezing his assets -- including the JOHN DOE Wallet Addresses and any JOHN DOE Secondary Addresses (defined below) maintained by him, for him, or by any entity under his control.

In support of the renewed request for a TRO herein, Plaintiff alleges as follows:

### FACTUAL BACKGROUND

Plaintiff is a retired senior citizen who lost approximately Four Million Four Hundred Thousand Dollars ($4,400,000.00) worth of cryptocurrency in an ongoing identity theft crime called "SIM swapping" or "SIM hijacking."[1]  After insiders at Plaintiff's mobile telephone service provider

---

[1] Docket Entry No. ("DE") 1 [Complaint] at ¶ 1.  *See also*, Declaration of TULLIA HEISSENBERG (Dated: April 14, 2021) [the "Heissenberg Decl."], a copy of which is attached hereto as **Exhibit "A"**.

(Metro by T-Mobile) allowed and processed five unauthorized transfers ("SIM swaps") within a six-month period of her mobile telephone service, Defendant JOHN DOE -- while controlling Plaintiff's cellphone number -- was able to access Plaintiff's account at cryptocurrency exchange BlockFi, where Plaintiff stored a valuable cryptocurrency portfolio.[2]

Commencing on or about March 1, 2021 at 20:01 UTC, JOHN DOE withdrew from Plaintiff's BlockFi account the following cryptocurrency assets -- all without Plaintiff's knowledge or authorization -- and deposited those stolen assets into two cryptocurrency wallets owned or controlled by or for JOHN DOE: bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu (the "JOHN DOE BTC Wallet") and 0xC51f0cbf92030F50829B244f8D876d5843b8A955 (the "JOHN DOE ETH Wallet") (collectively, the "JOHN DOE Wallet Addresses"), *to wit*:[3]

| # | Transfer Date (UTC) | Asset sent to JOHN DOE Wallet Address or Fee Charged | JOHN DOE Wallet Address |
|---|---|---|---|
| 1 | 2021-03-01 20:01:47Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 2 | 2021-03-01 20:01:47Z | 0.0025 BTC Withdrawal Fee | |
| 3 | 2021-03-01 20:01:52Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 4 | 2021-03-01 20:01:52Z | 0.0015 ETH Withdrawal Fee | |
| 5 | 2021-03-01 20:01:54Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 6 | 2021-03-01 20:01:54Z | 0.0015 ETH Withdrawal Fee | |
| 7 | 2021-03-01 20:01:56Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |

---

[2] Heissenberg Decl. at ¶ 4 (citing Complaint at ¶¶ 30-47, 48).

[3] *Id.* (citing Complaint at ¶ 49).

Civil Action No. 9:21-cv-80716-RKA

| | | | |
|---|---|---|---|
| 8 | 2021-03-01 20:01:56Z | 0.0015 ETH Withdrawal Fee | |
| 9 | 2021-03-01 20:01:59Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 10 | 2021-03-01 20:01:59Z | 0.0015 ETH Withdrawal Fee | |
| 11 | 2021-03-01 20:02:01Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 12 | 2021-03-01 20:02:01Z | 0.0015 ETH Withdrawal Fee | |
| 13 | 2021-03-01 20:02:04Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 14 | 2021-03-01 20:02:04Z | 0.0015 ETH Withdrawal Fee | |
| 15 | 2021-03-01 20:02:16Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 16 | 2021-03-01 20:02:16Z | 0.0015 ETH Withdrawal Fee | |
| 17 | 2021-03-01 20:02:18Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 18 | 2021-03-01 20:02:18Z | 0.0015 ETH Withdrawal Fee | |
| 19 | 2021-03-01 20:02:45Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 20 | 2021-03-01 20:02:45Z | 0.0025 BTC Withdrawal Fee | |
| 21 | 2021-03-01 20:03:06Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 22 | 2021-03-01 20:03:06Z | 0.0025 BTC Withdrawal Fee | |
| 23 | 2021-03-01 20:03:32Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 24 | 2021-03-01 20:03:32Z | 0.0015 ETH Withdrawal Fee | |
| 25 | 2021-03-01 20:03:39Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 26 | 2021-03-01 20:03:39Z | 0.0015 ETH Withdrawal Fee | |

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

| 27 | 2021-03-01 20:03:43Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
|---|---|---|---|
| 28 | 2021-03-01 20:03:43Z | 0.0015 ETH Withdrawal Fee | |
| 29 | 2021-03-01 20:03:45Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 30 | 2021-03-01 20:03:45Z | 0.0015 ETH Withdrawal Fee | |
| 31 | 2021-03-01 20:03:47Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 32 | 2021-03-01 20:03:47Z | 0.0015 ETH Withdrawal Fee | |
| 33 | 2021-03-01 20:03:49Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 34 | 2021-03-01 20:03:49Z | 0.0015 ETH Withdrawal Fee | |
| 35 | 2021-03-01 20:04:16Z | 5 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 36 | 2021-03-01 20:05:08Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 37 | 2021-03-01 20:05:08Z | 0.0025 BTC Withdrawal Fee | |
| 38 | 2021-03-01 20:40:19Z | 2.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 39 | 2021-03-01 20:40:19Z | 0.0025 BTC Withdrawal Fee | |
| 40 | 2021-03-03 21:53:20Z | 0.024 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 41 | 2021-03-03 21:53:20Z | 0.0025 BTC Withdrawal Fee | |
| 42 | 2021-03-03 22:54:50Z | 8 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |

| **TOTALS** | **28.0265 BTC** |
|---|---|
| | **1108 ETH** |

As shown above, with almost every unauthorized withdrawal by JOHN DOE, Plaintiff's BlockFi account was assessed a withdrawal fee that further diminished Plaintiff's cryptocurrency

holdings. In essence, the cryptocurrencies from Plaintiff's BlockFi holdings that were used to pay the withdrawal fees were likewise stolen from Plaintiff, as they were forcibly taken from her without her knowledge or authorization.[4]

From the JOHN DOE Wallet Addresses, many of the stolen assets were then transferred to other wallets/accounts maintained by or for JOHN DOE (collectively, the "JOHN DOE Secondary Addresses"), *to wit*:[5]

| # | Recipient Cryptocurrency Exchange | Destination Address | Asset and Tracing Amount |
|---|---|---|---|
| 1 |  | bc1qfwxkmzln5g3g0n8vw5dqsv4vtxumh5xscyzr9l | 4.777099848 BTC |
| 2 |  | bc1qkjhlymppxz4g4h6xle8u6scd8d6tm8s657zqqy | 3.401842272 BTC |
| 3 | Xapo.com | 19JyAkHKh36sFduqK4hMsMZhU6ZDoLotW | 2.33906575 BTC |
| 4 |  | 13jWBgfYQRs1pPwsWhk9jtvjfDMgdByknP | 2.20246077 BTC |
| 5 |  | bc1qe8esnkcwyvnnfe5f3ksfmj9eyktq9u0635lhuv | 1.478941262 BTC |
| 6 |  | 327uTRES6ThXupKUAt1Xuk2pD9BiZaZ4wT | 1.10657357 BTC |
| 7 | BitPay | 15oRB2myPpq8h1jTdRDKE58WXPpSYgK6Qr | 1.105248136 BTC |
| 8 | Poloniex | 12vZ3fU66g4XTeomUYCEPp9rcsWjexgzR7 | 0.497294128 BTC |
| 9 | Binance | 15cxBdcNYsdkTW6JoM3Q4xshRF6x8vYrEc | 0.41288896 BTC |
| 10 | Coinbase | 3LF1XGESznTATC7dMQ2zWmZdf4WEJCcehj | 0.3 BTC |
| 11 | Gemini | bc1qss5ejcqfrmjm9lfydshanhjkc7wnlhk4khlsj8 | 0.250298812 BTC |
| 12 | Binance | e86433d2068bd319a54128117849b511f3e0ed42 | 1091.1566815047 ETH |
| 13 | Coincheck | 24ba1542f8a0a20e8251d096213384cfb0ee3dbc | 6.322870267 ETH |
| 14 |  | 0c32245e86764a61de9feaad1315ac7ceaac70b2 | 0.0135378573 ETH |
| 15 |  | 85dbca0a9bfee831f266065b6142f9ed3b5b1dd7 | 7.9214341878 ETH |
| 16 |  | a1b78d4c51c50f30c936c3f941c2e206b71b3983 | 0.0005026098 ETH |

---

[4] *Id.* (citing Complaint at ¶ 50).

[5] *Id.* (citing Complaint at ¶ 51).

| 17 |         | f7dddfbdb3ea8e0cadf101f37fe08695a955e25c | 0.0180210793 ETH |
|----|---------|------------------------------------------|------------------|
| 18 | Binance | bfaa724c8fc49e490947e4c7c8d597b6336b67ac | 0.621182859 ETH  |
| 19 |         | 2fbbfe6e64d55168cf1ccfc993e61f2c4aa1ef06 | 0.0239687943 ETH |
| 20 |         | 9b5b25216601f065aacbe8e641fa897163a69c2b | 1.6162668327 ETH |
| 21 |         | 6da237bb6942e5d807a5ac55e7d17e487688d5ee | 0.0329650529 ETH |
| 22 |         | 31385d3520bced94f77aae104b406994d8f2168c | 0.0100385744 ETH |

| TOTALS | 17.87171351 BTC |
|--------|------------------|
|        | 1107.73746962 ETH |

As a result of the foregoing scheme, Plaintiff has lost over $4,400,000.00 and is left trying to get answers to help her uncover where her funds are or where they went after they were stolen by JOHN DOE.  Given these facts, Plaintiff commenced this action and is entitled to a Temporary Restraining Order freezing Defendant JOHN DOE's assets -- including the JOHN DOE Wallet Addresses and any JOHN DOE Secondary Addresses maintained by him, for him, or by any entity under his control -- to preserve the *status quo ante* pending the outcome of this litigation.

## LEGAL ARGUMENT

### I. Rule 65 Permits Entry of a Temporary Restraining Order Without Notice

1.      Rule 65 permits this Court to enter a Temporary Restraining Order without notice to the adverse parties if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition."[6]  Further, the movant's counsel must certify in writing "any efforts made to give notice and the reasons why it should not be required."[7]

---

[6] Fed.R.Civ.P. 65(b)(1)(A).

[7] Fed.R.Civ.P. 65(b)(1)(B).  *See also*, *Sun Commodities, Inc. v. Miami Produce Int'l Imp. & Exp., Corp.*, 2008 U.S. Dist. LEXIS 85192 (S.D. Fla. Oct. 7, 2008).

Civil Action No. 9:21-cv-80716-RKA

2. As to the first prong of Rule 65(b)(1), Plaintiff's declaration, summarized and cited above, shows the likelihood of immediate and irreparable injury or loss. Plaintiff was clearly victimized by Metro by T-Mobile and robbed by JOHN DOE; and the stone wall of obfuscation erected by the anonymous nature of cryptocurrency transactions significantly inhibits Plaintiff's ability to trace her stolen funds or even identify JOHN DOE by his proper legal name at this point.

3. By freezing JOHN DOE's assets -- including the JOHN DOE Wallet Addresses and any JOHN DOE Secondary Addresses to which JOHN DOE transferred any portion of the funds stolen from Plaintiff -- Plaintiff will have a foothold in her arduous climb to recovering her stolen cryptocurrency before JOHN DOE can further transfer it beyond Plaintiff's reach.

4. With regard to the second prong of Rule 65(b)(1), a TRO is warranted without notice to JOHN DOE. JOHN DOE's proper legal name is unknown at this point, and only through expedited discovery to the cryptocurrency exchanges at which the JOHN DOE Secondary Addresses maintained (the subject of a motion filed simultaneously herewith) might Plaintiff be able to uncover JOHN DOE's name and a location -- either physical or electronic -- at which he can be apprised of the charges brought against him in this lawsuit so he may defend himself against those charges, if he so chooses.

5. Furthermore, Plaintiff certifies a deep concern that with each passing hour, JOHN DOE will dissipate any traceable funds, either into untraceable cryptocurrency accounts or to offshore entities organized in unknown locations.

**II. The Court Can Issue an Injunction to Freeze Assets in this Action for Equitable Relief**

6. Under the general rule, federal courts lack the authority to freeze assets of a defendant before the claims have been brought to judgment. *See*, *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 322 (1999). "However, when the plaintiff is seeking equitable relief, as opposed to merely legal damages, the federal courts have the authority to issue a preliminary injunction

Civil Action No. 9:21-cv-80716-RKA

in order to freeze the assets of a defendant if the requirements for a preliminary injunction are otherwise satisfied." *Clayton v. Heartland Resources, Inc.*, 2008 WL 5046806, at *4 (W.D. Ky. Nov. 21, 2008) (citing *Grupo*, 527 U.S. at 324-325); *see also*, *In re Focus Media, Inc.*, 387 F.3d 1077, 1084 (9th Cir. 2004) (citations omitted).  In *Focus Media*, the Ninth Circuit specifically noted that the rule against injunctive relief as articulated in *Grupo Mexicano* did not apply to the underlying claims for fraudulent conveyance and constructive trust, ultimately concluding that the trial court's entry of a preliminary injunction had been proper.  *Id.* at 1085.

7. Moreover, Rule 64 of the Federal Rules of Civil Procedure provides that when state law authorizes a prejudgment remedy to secure assets subject to a plaintiff's state law claims, state law governs such relief.  Rule 64, Fed.R.Civ.P.; *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70*, 415 U.S. 423, 436 n. 10 (1974).

8. Here, Plaintiff seeks equitable relief in addition to her legal remedies and is entitled to an injunction to maintain the *status quo* until the claims in the Complaint can be resolved.  Amongst other claims and remedies sought, Plaintiff alleges violations of numerous common law torts (conversion, replevin, unjust enrichment), a federal statutory claim (violations of 18 U.S.C. § 1030(a)(2)(C), 1030(a)(4), and 1030(a)(5)(C) [the "Computer Fraud and Abuse Act"]), and requests relief in the following form of equity:

- the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently held by Defendant JOHN DOE, an individual, in the JOHN DOE Wallet Addresses and/or the JOHN DOE Secondary Addresses; and [entry of an Order] that the wrongfully obtained property be restored to Plaintiff.

9. Additionally, with regard to the claim for imposition of a constructive trust, Florida courts have authorized equitable injunctive relief to secure the assets subject to the claim.  *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 192 (Fla. 2003); *Briceño v. Bryden Investments, Ltd.*, 973 So.2d 614, 617 (Fla. 3d DCA 2008) (and cases cited therein).

10. In disputes strikingly similar to the instant action, both this court and others have awarded the equitable relief sought by Plaintiff here. *See*, *Martinangeli v. Akerman, LLP*, Case No. 1:18-cv-23607-UU, 2018 WL 6308705 (S.D. Fla. Sept. 14, 2018) (entering Temporary Restraining Order without notice to defendant whose assets were thereby frozen); *Williams v. Doe*, Case No. 6:21-cv-03074-RK (W.D. Mo. Apr. 1, 2021) at DE 18 (*same*), a copy of which is attached hereto as **Exhibit "B"**.

11. Accordingly, Plaintiff is entitled to a Temporary Restraining Order if the other requirements for a Temporary Restraining Order have been met. For the reasons described below, Plaintiff is entitled to such relief.

**III.** **A Temporary Restraining Order Is Appropriate to Prevent Immediate and Irreparable Harm**

12. In considering a Temporary Restraining Order, the Court must consider the following: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) the substantial likelihood of success on the merits; (4) the threatened injury to the petitioner outweighs the possible harm to the respondent; and (5) a temporary injunction will not disserve the public interest. *City of Miami Beach v. Kuoni Destination Mgmt., Inc.*, 81 So. 3d 530, 532 (Fla. 3d DCA 2012); *see also Siegel v. LePore,* 234 F.3d 1163, 1179 (11th Cir. 2000), *cert. denied*, 531 U.S. 1005, 121 S. Ct. 510, 148 L. Ed. 2d 478 (2000) (citations omitted). As shown below, Plaintiff satisfies each element of that standard.

**IV.** **Plaintiff Has a Substantial Likelihood of Success on the Merits of Her Claims**

13. The harms alleged in the Complaint, as well as the facts set forth in Plaintiff's declaration, make clear that Plaintiff was victimized by Metro by T-Mobile as well as JOHN DOE who -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience JOHN DOE should not be permitted to hold.

- 9 -

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

14. Based on that fraudulent behavior, Plaintiff has asserted claims for: (1) conversion, (2) replevin, (3) violations of 18 U.S.C. § 1030(a)(2)(C), 1030(a)(4), and 1030(a)(5)(C) [the "Computer Fraud and Abuse Act"], and (4) unjust enrichment.

15. Moreover, any and all cryptocurrency assets held in either the JOHN DOE Wallet Addresses and any JOHN DOE Secondary Addresses to which JOHN DOE transferred any portion of the funds stolen from Plaintiff must be held in a constructive trust for Plaintiff's benefit, as JOHN DOE is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

16. In light of the foregoing, there is a high likelihood that Plaintiff will succeed on her claims.

17. As for Plaintiff's request that a constructive trust be applied, Florida law provides that a constructive trust is appropriately imposed as follows:

> [A] court of equity will raise a constructive trust and compel restoration where one through actual fraud, abuse of confidence reposed and accepted, or through order questionable means gains something for himself which equity and good conscience he should not be permitted to hold.

*Quinn v. Phipps*, 93 Fla. 803, 113 So. 419, 422 (Fla. 1930) (citations omitted). A constructive trust is "created by law to do equity under the circumstances without regard to intent." *Palmland Villas I Condo. Ass'n, Inc. v. Taylor*, 390 So.2d 123, 125 (Fla. 4th DCA 1980). A constructive trust is therefore appropriately established "to right a wrong committed and to prevent unjust enrichment of one person at the expense of another either as a result of fraud, undue influence, abuse of confidence or mistake in the transaction." *In re Fin. Federated Title and Trust, Inc.*, 347 F.3d 880, 891 (11th Cir. 2003) (applying Florida law).

18. As such, success on the merits of Plaintiff's common law claims is very likely.

### V.   Plaintiff Will Suffer Irreparable Harm if Defendant John Doe Is Not Enjoined

19. There is a significant risk that JOHN DOE may dissipate the money stolen from Plaintiff or simply transfer those funds into untraceable cryptocurrency accounts or to offshore entities organized in unknown locations.

20. Considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze JOHN DOE's assets, including those at COINBASE, to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiff.

21. In fact, Plaintiff has discovered through cryptographic tracing that from either the JOHN DOE Wallet Addresses or the JOHN DOE Secondary Addresses (or both), the following assets have been transferred by JOHN DOE or someone believed to be acting at his behest as recently as the days immediately preceding the filing of this motion:

| # | Recipient Cryptocurrency Exchange | Destination Address | Date and Time of Transfer (UTC) | Asset and Tracing Amount |
|---|---|---|---|---|
| 1 | Binance | 1AVXFB3sxU3TNQcGMucUHrS1QeEoVqxzQg | 2021-04-14 10:15:02 | 0.00038494 BTC |
| 2 | Binance | 1AVXFB3sxU3TNQcGMucUHrS1QeEoVqxzQg | 2021-04-14 10:35:09 | 0.00057743 BTC |
| 3 | Binance | 1AVXFB3sxU3TNQcGMucUHrS1QeEoVqxzQg | 2021-04-14 11:09:04 | 0.00057747 BTC |
| 4 | Binance | 1AVXFB3sxU3TNQcGMucUHrS1QeEoVqxzQg | 2021-04-14 11:57:00 | 0.00032667 BTC |

The Destination Address 1AVXFB3sxU3TNQcGMucUHrS1QeEoVqxzQg is neither a previously-identified JOHN DOE Wallet Address or a previously-identified JOHN DOE Secondary Address, which further emphasizes the ease with which JOHN DOE is transferring Plaintiff's stolen assets and the difficulty with which Plaintiff is faced in tracking down her stolen assets.

Civil Action No. 9:21-cv-80716-RKA

### VI. There Is Little Prejudice to Defendant Doe If the Temporary Restraining Order Is Entered

22.     While Plaintiff would be severely prejudiced if JOHN DOE dissipates the funds wrongfully taken from Plaintiff, JOHN DOE faces no such prejudice.  An order forbidding JOHN DOE from moving his assets will, at worst, delay JOHN DOE from shifting his purloined funds to an untraceable cryptocurrency accounts; and at best, will help maintain the *status quo* for Plaintiff to recover the valuable assets illegally obtained from Plaintiff's cryptocurrency account.

### VII. Plaintiff Has No Adequate Remedy at Law

23.     Plaintiff's only remedy to recover the funds fraudulently taken from her is through her right to equitable relief in the form of enjoining asset dissipation by JOHN DOE, beginning with imposition of a constructive trust to prevent the further dissipation of Plaintiff's assets.  A legal remedy for monetary relief alone will not adequately protect Plaintiff's equitable ownership interest in those funds and assets that can disappear with the click of a computer mouse.

### VIII. Entering a Temporary Restraining Order Is In the Public Interest

24.     The public interest strongly supports entry of a Temporary Restraining Order here.

25.     Moreover, entering a Temporary Restraining Order would actually serve the public interest by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a division of the U.S. Department of the Treasury) by providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the purloined investor assets in this action.

### CONCLUSION

For the foregoing reasons, Plaintiff TULLIA HEISSENBERG respectfully renews her request that this Court find that Plaintiff has satisfied the elements of her claim for preliminary injunctive relief and that the Court enter a Temporary Restraining Order without notice to Defendant JOHN

- 12 -
**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

DOE, freezing his assets -- including the JOHN DOE Wallet Addresses and any JOHN DOE Secondary Addresses to which JOHN DOE transferred any portion of the funds stolen from Plaintiff -- to preserve the *status quo ante* pending the full adjudication of Plaintiffs' claims.

        Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:   (954) 516-6000

By: /s/ David Silver

    DAVID C. SILVER
    Florida Bar No. 572764
    E-mail: DSilver@SilverMillerLaw.com
    JASON S. MILLER
    Florida Bar No. 072206
    E-mail: JMiller@SilverMillerLaw.com

*Counsel for Plaintiff*

Dated:  April 19, 2021