## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:21-cv-80716-RKA**

TULLIA HEISSENBERG, an individual,

     Plaintiff,

v.

JOHN DOE, an individual;

     Defendant.

_____/

## PLAINTIFF'S RENEWED MOTION FOR EXPEDITED DISCOVERY

Plaintiff TULLIA HEISSENBERG, an individual ("Plaintiff"), by and through undersigned counsel; pursuant to Fed.R.Civ.P. 16(b), 26(d), 30(a)(2)(A)(iii), 34(b), and 45 and Local Civil Rules 7 and 26.1; hereby renews her request for entry of an Order permitting Plaintiff to engage in expedited discovery from any relevant third-parties to enable Plaintiff to secure documents and information pertaining to Defendant JOHN DOE, an individual ("JOHN DOE") -- a cryptocurrency wallet/account holder who is alleged to have possessed and/or stolen from Plaintiff millions of dollars in cryptocurrency belonging to Plaintiff.

Because of the exigent circumstances and this Court's broad discretion in directing discovery and managing its docket -- particularly in the preliminary injunction context -- expedited discovery is warranted to resolve the issue of whether the requested Temporary Restraining Order (TRO) *without* notice against JOHN DOE should subsequently be expanded into a preliminary or permanent injunction *with* notice to JOHN DOE.  Conscious of the time constraints and the inherent burdens of discovery, Plaintiff has already crafted narrowly-tailored categories of documents to be sought from the non-parties via subpoenas that set forth the requests which she intends to employ to ensure the full, fair, and efficient development of the factual record necessary to adjudicate the material issues raised in the Complaint and the injunction issue.

At this time, Plaintiff's proposed expedited discovery is focused solely on JOHN DOE's identity and the cryptocurrency wallets and accounts JOHN DOE owned, operated, or controlled at least in part by JOHN DOE, as those wallets/accounts pertain to the central issues in dispute in the Complaint and the requested TRO (which Plaintiff will thereafter request be extended into a preliminary or permanent injunction).  To be clear, Plaintiff's expedited discovery efforts are not related to monetary damages or any issues beyond those that must be resolved at this preliminary stage; rather, the documents and information sought by Plaintiff are required for the Court to properly evaluate the requested TRO without notice against JOHN DOE and whether -- after JOHN DOE has been identified -- that TRO should be extended into a preliminary or permanent injunction with notice to JOHN DOE.

In support of the renewed request for expedited discovery, Plaintiff alleges as follows:

1.      As alleged in great detail in the Complaint[1], this action arises from a fraudulent scheme that sought to, and ultimately did, steal Four Million Four Hundred Thousand Dollars ($4,400,000.00) worth of cryptocurrency from Plaintiff.

2.      After insiders at Plaintiff's mobile telephone service provider (Metro by T-Mobile) allowed and processed five unauthorized transfers ("SIM swaps") within a six-month period of her mobile telephone service, Defendant JOHN DOE -- while controlling Plaintiff's cellphone number -- was able to access Plaintiff's account at cryptocurrency exchange BlockFi, where Plaintiff stored a valuable cryptocurrency portfolio.

3.      Commencing on or about March 1, 2021 at 20:01 UTC, JOHN DOE withdrew from Plaintiff's BlockFi account the following cryptocurrency assets -- all without Plaintiff's knowledge or authorization -- and deposited those stolen assets into two cryptocurrency wallets owned or controlled

---

[1] DE 1.

by or for JOHN DOE: bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu (the "JOHN DOE BTC Wallet") and 0xC51f0cbf92030F50829B244f8D876d5843b8A955 (the "JOHN DOE ETH Wallet") (collectively, the "JOHN DOE Wallet Addresses"), *to wit*:

| # | Transfer Date (UTC) | Asset sent to JOHN DOE Wallet Address or Fee Charged | JOHN DOE Wallet Address |
|---|---|---|---|
| 1 | 2021-03-01 20:01:47Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 2 | 2021-03-01 20:01:47Z | 0.0025 BTC Withdrawal Fee | |
| 3 | 2021-03-01 20:01:52Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 4 | 2021-03-01 20:01:52Z | 0.0015 ETH Withdrawal Fee | |
| 5 | 2021-03-01 20:01:54Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 6 | 2021-03-01 20:01:54Z | 0.0015 ETH Withdrawal Fee | |
| 7 | 2021-03-01 20:01:56Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 8 | 2021-03-01 20:01:56Z | 0.0015 ETH Withdrawal Fee | |
| 9 | 2021-03-01 20:01:59Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 10 | 2021-03-01 20:01:59Z | 0.0015 ETH Withdrawal Fee | |
| 11 | 2021-03-01 20:02:01Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 12 | 2021-03-01 20:02:01Z | 0.0015 ETH Withdrawal Fee | |
| 13 | 2021-03-01 20:02:04Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 14 | 2021-03-01 20:02:04Z | 0.0015 ETH Withdrawal Fee | |

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

| 15 | 2021-03-01 20:02:16Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |
|---|---|---|---|
| 16 | 2021-03-01 20:02:16Z | 0.0015 ETH Withdrawal Fee | |
| 17 | 2021-03-01 20:02:18Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |
| 18 | 2021-03-01 20:02:18Z | 0.0015 ETH Withdrawal Fee | |
| 19 | 2021-03-01 20:02:45Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z 720vapq5p34pmwgu |
| 20 | 2021-03-01 20:02:45Z | 0.0025 BTC Withdrawal Fee | |
| 21 | 2021-03-01 20:03:06Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z 720vapq5p34pmwgu |
| 22 | 2021-03-01 20:03:06Z | 0.0025 BTC Withdrawal Fee | |
| 23 | 2021-03-01 20:03:32Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |
| 24 | 2021-03-01 20:03:32Z | 0.0015 ETH Withdrawal Fee | |
| 25 | 2021-03-01 20:03:39Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |
| 26 | 2021-03-01 20:03:39Z | 0.0015 ETH Withdrawal Fee | |
| 27 | 2021-03-01 20:03:43Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |
| 28 | 2021-03-01 20:03:43Z | 0.0015 ETH Withdrawal Fee | |
| 29 | 2021-03-01 20:03:45Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |
| 30 | 2021-03-01 20:03:45Z | 0.0015 ETH Withdrawal Fee | |
| 31 | 2021-03-01 20:03:47Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |
| 32 | 2021-03-01 20:03:47Z | 0.0015 ETH Withdrawal Fee | |
| 33 | 2021-03-01 20:03:49Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

| 34 | 2021-03-01 20:03:49Z | 0.0015 ETH Withdrawal Fee | |
| 35 | 2021-03-01 20:04:16Z | 5 BTC | bc1qdjkc4e3u8jup6axtda560z 720vapq5p34pmwgu |
| 36 | 2021-03-01 20:05:08Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z 720vapq5p34pmwgu |
| 37 | 2021-03-01 20:05:08Z | 0.0025 BTC Withdrawal Fee | |
| 38 | 2021-03-01 20:40:19Z | 2.9975 BTC | bc1qdjkc4e3u8jup6axtda560z 720vapq5p34pmwgu |
| 39 | 2021-03-01 20:40:19Z | 0.0025 BTC Withdrawal Fee | |
| 40 | 2021-03-03 21:53:20Z | 0.024 BTC | bc1qdjkc4e3u8jup6axtda560z 720vapq5p34pmwgu |
| 41 | 2021-03-03 21:53:20Z | 0.0025 BTC Withdrawal Fee | |
| 42 | 2021-03-03 22:54:50Z | 8 ETH | 0xC51f0cbf92030F50829B244 f8D876d5843b8A955 |

| **TOTALS** | **28.0265 BTC** |
|---|---|
| | **1108 ETH** |

4.      From the JOHN DOE Wallet Addresses, many of the stolen assets were then transferred to other wallets/accounts maintained by or for JOHN DOE (collectively, the "JOHN DOE Secondary Addresses"), *to wit*:

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

| # | Recipient Cryptocurrency Exchange | Destination Address | Asset and Tracing Amount |
|---|---|---|---|
| 1 | | bc1qfwxkmzln5g3g0n8vw5dqsv4vtxumh5xscyzr9l | 4.777099848 BTC |
| 2 | | bc1qkjhlymppxz4g4h6xle8u6scd8d6tm8s657zqqy | 3.401842272 BTC |
| 3 | Xapo.com | 19JyAkHKh36sFduqK4hMsMZhU6ZDoLotW | 2.33906575 BTC |
| 4 | | 13jWBgfYQRs1pPwsWhk9jtvjfDMgdByknP | 2.20246077 BTC |
| 5 | | bc1qe8esnkcwyvnnfe5f3ksfmj9eyktq9u0635lhuv | 1.478941262 BTC |
| 6 | | 327uTRES6ThXupKUAt1Xuk2pD9BiZaZ4wT | 1.10657357 BTC |
| 7 | BitPay | 15oRB2myPpq8h1jTdRDKE58WXPpSYgK6Qr | 1.105248136 BTC |
| 8 | Poloniex | 12vZ3fU66g4XTeomUYCEPp9rcsWjexgzR7 | 0.497294128 BTC |
| 9 | Binance | 15cxBdcNYsdkTW6JoM3Q4xshRF6x8vYrEc | 0.41288896 BTC |
| 10 | Coinbase | 3LF1XGESznTATC7dMQ2zWmZdf4WEJCcehj | 0.3 BTC |
| 11 | Gemini | bc1qss5ejcqfrmjm9lfydshanhjkc7wnlhk4khlsj8 | 0.250298812 BTC |
| | | | |
| 12 | Binance | e86433d2068bd319a54128117849b511f3e0ed42 | 1091.1566815047 ETH |
| 13 | Coincheck | 24ba1542f8a0a20e8251d096213384cfb0ee3dbc | 6.322870267 ETH |
| 14 | | 0c32245e86764a61de9feaad1315ac7ceaac70b2 | 0.0135378573 ETH |
| 15 | | 85dbca0a9bfee831f266065b6142f9ed3b5b1dd7 | 7.9214341878 ETH |
| 16 | | a1b78d4c51c50f30c936c3f941c2e206b71b3983 | 0.0005026098 ETH |
| 17 | | f7dddfbdb3ea8e0cadf101f37fe08695a955e25c | 0.0180210793 ETH |
| 18 | Binance | bfaa724c8fc49e490947e4c7c8d597b6336b67ac | 0.621182859 ETH |
| 19 | | 2fbbfe6e64d55168cf1ccfc993e61f2c4aa1ef06 | 0.0239687943 ETH |
| 20 | | 9b5b25216601f065aacbe8e641fa897163a69c2b | 1.6162668327 ETH |
| 21 | | 6da237bb6942e5d807a5ac55e7d17e487688d5ee | 0.0329650529 ETH |
| 22 | | 31385d3520bced94f77aae104b406994d8f2168c | 0.0100385744 ETH |

| TOTALS | 17.87171351 BTC |
|---|---|
| | 1107.73746962 ETH |

5.      As a result of the foregoing scheme, Plaintiff has lost over $4,400,000.00 and is left trying to get answers to help her uncover where her funds are or where they went after they were stolen by JOHN DOE.

SILVER MILLER
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

6. Plaintiff needs the Recipient Cryptocurrency Exchanges listed above to identify JOHN DOE (*e.g.*, name, physical address, mailing/contact address) so Plaintiff can properly name him in this lawsuit and provide him due notice before requesting that the Court extend any TRO that is entered into either preliminary or permanent injunctive relief.

7. Plaintiff further needs to conduct an exigent investigation of all Recipient Cryptocurrency Exchange accounts held by, for, or on behalf of JOHN DOE to identify where Plaintiff's funds were transferred after they departed the JOHN DOE Wallet Addresses. To the extent JOHN DOE has already disposed of any of Plaintiff's assets, Plaintiff can serve a subpoena on any other cryptocurrency exchange, wallet operator, or financial institution to which those assets were transferred in a further effort to freeze them before they are moved again or liquidated in their entirety.

8. In light of the foregoing, Plaintiff submits that the following narrowly-tailored requests will provide her the information she needs to identify JOHN DOE and protect her interests as well as her assets while affording JOHN DOE notice of this action:

    a. All documents regarding, reflecting, recording, or memorializing account opening and closing, including JOHN DOE's actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by *<<YOUR EXCHANGE>>*.

    b. All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (*i.e.*, bank accounts or other sources of funding tied to JOHN DOE's account[s]), and account holdings, including but not limited to transactions into or out of the following wallet address: _____ (the "Wallet Address").

    c. All transactional logs for all activity in JOHN DOE's *<<EXCHANGE>>* account(s), including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

SILVER MILLER
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

d.   All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by *<<YOUR EXCHANGE>>* that the JOHN DOE account at *<<YOUR EXCHANGE>>* to which the Wallet Address is linked was linked to or associated with any other *<<EXCHANGE>>* account(s).

e.   Correspondence exchanged by and between *<<YOUR EXCHANGE>>* and JOHN DOE.

f.   Correspondence exchanged by and between *<<YOUR EXCHANGE>>* and any third-party concerning or relating to JOHN DOE.  <u>NOTE</u>: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by *<<YOUR EXCHANGE>>* with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.

9.      Only by being provided JOHN DOE's identifying information by the Recipient Cryptocurrency Exchanges will Plaintiff be able to employ appropriate legal measures and afford JOHN DOE due process in defending himself against Plaintiff's claims of theft.

10.      Certain information related to the operative facts in this matter -- particularly JOHN DOE's identity -- is within the Recipient Cryptocurrency Exchanges' sole possession, custody, and control or within the control of other third parties who will be identified in discovery.

11.      Expedited discovery would facilitate the management of this action, conserve the resources of the parties and the Court, and move the case toward an earlier disposition without prejudice to JOHN DOE.

## <u>LEGAL ARGUMENT</u>

This Court has broad discretion to manage the timing of discovery, especially where a request for a preliminary injunction makes it infeasible to wait for the Rule 26(f) conference to serve discovery requests.  *See, Integra Bank N.A. v. Trans Continental Airlines, Inc.*, 2007 U.S. Dist. LEXIS 7781, *7 (M.D. Fla. Feb. 2, 2007) (Federal Rules of Civil Procedure "expressly provide that a Court may shorten the time for a party to provide discovery"); *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005) (Court has "broad discretion in managing pretrial discovery matters"), quoting *Perez v. Miami-Dade Co.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *see also*, Fed.R.Civ.P. 26(d) (permitting deviation from normal rule

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

when "authorized ... by order"); *id.*, Advisory Committee Notes ("This subdivision is revised to provide that formal discovery ... not commence until the parties have met and conferred as required by subdivision (t). Discovery can begin earlier if authorized . . . by . . . order . . . . This will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . .). The Federal Rules of Civil Procedure contemplate that discovery may be expedited in appropriate circumstances. Fed.R.Civ.P. 30(a)(2)(A)(iii), 33(a), 33(b)(2), 34(b), and 45. Expedited discovery is particularly appropriate in the preliminary injunction context. *See, e.g., Fimab-Finaziaria Maglificio Biellese Fratelli Fila Sp.A. et al. v. Helio Import/Export, Inc., et al.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841 (D. D.C. 1996). Such discovery "better enables the court to judge the parties' interests and respective chances for success on the merits." *Educata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn.) (granting expedited discovery), *aff'd in part and appeal dismissed in part*, 746 F.2d 429 (8th Cir. 1984). Motions for expedited discovery are appropriate where the movant demonstrates a need to obtain inspection of documents in a shortened time period. *See, Integra Bank N.A.*, 2007 U.S. Dist. LEXIS 2007 at *7-8.

**Moreover, "Courts allow discovery to identify Doe defendants, and courts allow expedited discovery where good cause is shown."** *Pioneer Hi-Bred Int'l, Inc. v. Does*, Case No. 12-06046-cv-SJ-DGK, 2012 WL 12910607, at *1 (W.D. Mo. May 18, 2012) (granting expedited discovery from non-party to identify Doe Defendants' identities). "Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of [the] administration of justice, outweighs prejudice to [the] responding party." *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D. Mo. 2008). In *St. Jude Medical S.C., Inc. v. Biosense Sebster, Inc.*, 2013 U.S. Dist. LEXIS 53071 (M.D. Fla. April 12, 2013), the Court explained the good cause standard as follows:

> Factors courts consider in deciding whether a party has shown good
> cause include: (1) whether a motion for preliminary injunction is
> pending, (2) the breadth of the requested discovery, (3) the reason(s)
> for requesting expedited discovery, (4) the burden on the opponent to

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

> comply with the request for discovery, and (5) how far in advance of
> the typical discovery process the request is made.

*Id.* at *4-5 (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D. D.C. 2006)).

*See also*, *Nassau Terminals, Inc. v. M/V Bering Sea*, 1999 U.S. Dist. LEXIS 23782 (M.D. Fla. July 1, 1999);

*Semitool, Inc. v. Tokyo Electron Am., Inc.*, 209 F.R.D. 273, 276 (N.D. Cal. 2002).

In the instant matter, Plaintiff meets the "good cause" standard. The discovery Plaintiff seeks is narrowly drawn and is requested because the information relevant to identifying JOHN DOE and resolving the issues of fact and law the Court must confront are in the possession, custody, and control of the Recipient Cryptocurrency Exchanges. Plaintiff reasonably believes that as time quickly passes, JOHN DOE will dissipate any funds in his thus-far-identified cryptocurrency wallets and account(s) -- thus putting JOHN DOE and his evidence beyond Plaintiff's reach. The burden on the Recipient Cryptocurrency Exchanges in having to respond to the discovery requests is *de minimis*, as all of the documents and information sought should be readily accessible by the Recipient Cryptocurrency Exchanges. Similarly, the burden on JOHN DOE is not only *de minimis* but would actually serve to fulfill JOHN DOE's right to due process in defending himself -- once he appears in this matter -- against the claims of theft and conversion that have been alleged against him. Lastly, although the request is being made in advance of the typical discovery process, it is only being made because JOHN DOE's true identity is unknown and because Plaintiff's reasonable fear that JOHN DOE will dissipate Plaintiff's stolen cryptocurrency assets in an effort to put those assets, any evidence of location where they were ultimately transferred, out of Plaintiff's reach.

In short, because application of the ordinary discovery timetable would not properly suit the parties in light of JOHN DOE's unknown identity and the allegations posed by Plaintiff's Complaint, and because good cause exists to permit a limited round of discovery related to the issues raised by the Complaint; the Court is requested to issue an Order directing expedited discovery.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

## CONCLUSION

For the foregoing reasons, Plaintiff TULLIA HEISSENBERG respectfully moves this Honorable Court for entry of an Order granting this motion and setting an expedited discovery schedule forthwith.

Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 516-6000

By:_____
         DAVID C. SILVER
         Florida Bar No. 572764
         E-mail: DSilver@SilverMillerLaw.com
         JASON S. MILLER
         Florida Bar No. 072206
         E-mail: JMiller@SilverMillerLaw.com

         *Counsel for Plaintiff*

Dated:  __April 19, 2021_____