UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-80716-ALTMAN/Brannon

**TULLIA HEISSENBERG**,

    *Plaintiff*,

v.

**JOHN DOE**;

    *Defendant*.

_____/

## ORDER GRANTING *EX PARTE* EMERGENCY MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

The Plaintiff has filed an Emergency Motion for Temporary Restraining Order Without Notice against Defendant JOHN DOE (the "Motion") [ECF No. 7]. The Court held a hearing on the Motion on April 22, 2021. The Court has carefully reviewed the Application and the record and is otherwise fully advised of the matter.

By the instant Application, the Plaintiff Tullia Heissenberg (the "Plaintiff") moves *ex parte* for entry of a temporary restraining order against the Defendant and an entry of an order restraining the financial accounts owned or controlled by JOHN DOE as identified in this Order, under Fed. R. Civ. P. 65.

For the reasons set forth herein, Plaintiff's Renewed *Ex Parte* Emergency Motion for Temporary Restraining Order [ECF No. 7] is **GRANTED**.

### FACTUAL BACKGROUND[1]

The Plaintiff is a retired senior citizen who, at one time, possessed approximately $4.4 million in cryptocurrency. *See* Compl. [ECF No. 1] ¶ 1. Through a process called "SIM swapping" (or "SIM

---

[1] The factual background is taken from the Plaintiff's Complaint [ECF No. 1], Renewed Application for Temporary Restraining Order [ECF No. 7], and supporting Declarations submitted by the Plaintiff [ECF Nos. 7-1, 13].

hijacking") the Defendant JOHN DOE accessed the Plaintiff's account on the cryptocurrency exchange BlockFi and, without her knowledge or authorization, withdrew her holdings. *See id.* ¶¶ 48–49.

Specifically, commencing on or about March 1, 2021 at 20:01 UTC, JOHN DOE withdrew the Plaintiff's cryptocurrency assets (listed below) from her BlockFi account— all without her knowledge or authorization. *See id.* ¶ 49. JOHN DOE deposited those assets into two cryptocurrency wallets owned or controlled by or for JOHN DOE: bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu (the "JOHN DOE BTC Wallet") and 0xC51f0cbf92030F50829B244f8D876d5843b8A955 (the "JOHN DOE ETH Wallet") (collectively, the "JOHN DOE Wallet Addresses"):

| # | Transfer Date (UTC) | Asset sent to JOHN DOE Wallet Address or Fee Charged | JOHN DOE Wallet Address |
|---|---|---|---|
| 1 | 2021-03-01 20:01:47Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 2 | 2021-03-01 20:01:47Z | 0.0025 BTC Withdrawal Fee | |
| 3 | 2021-03-01 20:01:52Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 4 | 2021-03-01 20:01:52Z | 0.0015 ETH Withdrawal Fee | |
| 5 | 2021-03-01 20:01:54Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 6 | 2021-03-01 20:01:54Z | 0.0015 ETH Withdrawal Fee | |
| 7 | 2021-03-01 20:01:56Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 8 | 2021-03-01 20:01:56Z | 0.0015 ETH Withdrawal Fee | |
| 9 | 2021-03-01 20:01:59Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |

| | | | |
|---|---|---|---|
| 10 | 2021-03-01 20:01:59Z | 0.0015 ETH Withdrawal Fee | |
| 11 | 2021-03-01 20:02:01Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 12 | 2021-03-01 20:02:01Z | 0.0015 ETH Withdrawal Fee | |
| 13 | 2021-03-01 20:02:04Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 14 | 2021-03-01 20:02:04Z | 0.0015 ETH Withdrawal Fee | |
| 15 | 2021-03-01 20:02:16Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 16 | 2021-03-01 20:02:16Z | 0.0015 ETH Withdrawal Fee | |
| 17 | 2021-03-01 20:02:18Z | 99.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 18 | 2021-03-01 20:02:18Z | 0.0015 ETH Withdrawal Fee | |
| 19 | 2021-03-01 20:02:45Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 20 | 2021-03-01 20:02:45Z | 0.0025 BTC Withdrawal Fee | |
| 21 | 2021-03-01 20:03:06Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 22 | 2021-03-01 20:03:06Z | 0.0025 BTC Withdrawal Fee | |
| 23 | 2021-03-01 20:03:32Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 24 | 2021-03-01 20:03:32Z | 0.0015 ETH Withdrawal Fee | |
| 25 | 2021-03-01 20:03:39Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 26 | 2021-03-01 20:03:39Z | 0.0015 ETH Withdrawal Fee | |
| 27 | 2021-03-01 20:03:43Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 28 | 2021-03-01 20:03:43Z | 0.0015 ETH Withdrawal Fee | |

| 29 | 2021-03-01 20:03:45Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 30 | 2021-03-01 20:03:45Z | 0.0015 ETH Withdrawal Fee | |
| 31 | 2021-03-01 20:03:47Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 32 | 2021-03-01 20:03:47Z | 0.0015 ETH Withdrawal Fee | |
| 33 | 2021-03-01 20:03:49Z | 49.9985 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |
| 34 | 2021-03-01 20:03:49Z | 0.0015 ETH Withdrawal Fee | |
| 35 | 2021-03-01 20:04:16Z | 5 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 36 | 2021-03-01 20:05:08Z | 4.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 37 | 2021-03-01 20:05:08Z | 0.0025 BTC Withdrawal Fee | |
| 38 | 2021-03-01 20:40:19Z | 2.9975 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 39 | 2021-03-01 20:40:19Z | 0.0025 BTC Withdrawal Fee | |
| 40 | 2021-03-03 21:53:20Z | 0.024 BTC | bc1qdjkc4e3u8jup6axtda560z720vapq5p34pmwgu |
| 41 | 2021-03-03 21:53:20Z | 0.0025 BTC Withdrawal Fee | |
| 42 | 2021-03-03 22:54:50Z | 8 ETH | 0xC51f0cbf92030F50829B244f8D876d5843b8A955 |

A.  Almost every withdrawal from the Plaintiff's BlockFi account was assessed a withdrawal fee. *See* Mot. at ¶ 50.

B.  Based on a report from the cryptographic tracing firm Coinfirm, *see* Plaintiff's Supplemental Declaration, Ex. A [ECF No. 13] at 2, the Plaintiff has identified electronic wallet addresses associated with the Plaintiff's stolen funds. From the JOHN DOE Wallet Addresses, many

of the stolen assets were then transferred to other wallets/accounts maintained by or for JOHN DOE (collectively, the "JOHN DOE Secondary Addresses"):

| # | Recipient Cryptocurrency Exchange | Destination Address | Asset and Tracing Amount |
|---|---|---|---|
| 1 | | bc1qfwxkmzln5g3g0n8vw5dqsv4vtxumh5xscyzr9l | 4.777099848 BTC |
| 2 | | bc1qkjhlymppxz4g4h6xle8u6scd8d6tm8s657zqqy | 3.401842272 BTC |
| 3 | Xapo.com | 19JyAkHKh36sFduqK4hMsMZhU6ZDoLotW | 2.33906575 BTC |
| 4 | | 13jWBgfYQRs1pPwsWhk9jtvjfDMgdByknP | 2.20246077 BTC |
| 5 | | bc1qe8esnkcwyvnnfe5f3ksfmj9eyktq9u0635lhuv | 1.478941262 BTC |
| 6 | | 327uTRES6ThXupKUAt1Xuk2pD9BiZaZ4wT | 1.10657357 BTC |
| 7 | BitPay | 15oRB2myPpq8h1jTdRDKE58WXPpSYgK6Qr | 1.105248136 BTC |
| 8 | Poloniex | 12vZ3fU66g4XTeomUYCEPp9rcsWjexgzR7 | 0.497294128 BTC |
| 9 | Binance | 15cxBdcNYsdkTW6JoM3Q4xshRF6x8vYrEc | 0.41288896 BTC |
| 10 | Coinbase | 3LF1XGESznTATC7dMQ2zWmZdf4WEJCcehj | 0.3 BTC |
| 11 | Gemini | bc1qss5ejcqfrmjm9lfydshanhjkc7wnlhk4khlsj8 | 0.250298812 BTC |
| 12 | Binance | e86433d2068bd319a54128117849b511f3e0ed42 | 1091.1566815047 ETH |
| 13 | Coincheck | 24ba1542f8a0a20e8251d096213384cfb0ee3dbc | 6.322870267 ETH |
| 14 | | 0c32245e86764a61de9feaad1315ac7ceaac70b2 | 0.0135378573 ETH |
| 15 | | 85dbca0a9bfee831f266065b6142f9ed3b5b1dd7 | 7.9214341878 ETH |
| 16 | | a1b78d4c51c50f30c936c3f941c2e206b71b3983 | 0.0005026098 ETH |
| 17 | | f7dddfbdb3ea8e0cadf101f37fe08695a955e25c | 0.0180210793 ETH |
| 18 | Binance | bfaa724c8fc49e490947e4c7c8d597b6336b67ac | 0.621182859 ETH |
| 19 | | 2fbbfe6e64d55168cf1ccfc993e61f2c4aa1ef06 | 0.0239687943 ETH |
| 20 | | 9b5b25216601f065aacbe8e641fa897163a69c2b | 1.6162668327 ETH |
| 21 | | 6da237bb6942e5d807a5ac55e7d17e487688d5ee | 0.0329650529 ETH |
| 22 | | 31385d3520bced94f77aae104b406994d8f2168c | 0.0100385744 ETH |
| | TOTALS | | 17.87171351 BTC |
| | | | 1107.73746962 ETH |

5

C. The cryptocurrency assets at issue are specific, identifiable property and can be traced in JOHN DOE's assets in either the JOHN DOE Wallet Addresses or the JOHN DOE Secondary Addresses.

## **LEGAL STANDARD**

In order to obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

## **CONCLUSIONS OF LAW**

The declaration the Plaintiff has submitted in support of its *Ex Parte* Application for Temporary Restraining Order supports the following conclusions of law:

A.     Plaintiff has shown a substantial likelihood of success on the merits of her claims against the Defendant JOHN DOE for: (1) conversion; (2) replevin; (3) violations of the Computer Fraud and Abuse Act ("CFAA") under 18 U.S.C. § 1030(a)(2)(C), 1030(a)(4), and 1030(a)(5)(C); and (4) unjust enrichment as well as for imposition of a constructive trust and disgorgement of funds held by JOHN DOE in either the JOHN DOE Wallet Addresses or any JOHN DOE Secondary Addresses (defined below) to which JOHN DOE transferred any portion of the funds stolen from Plaintiff.

B.     Because of the speed and potential anonymity of cryptocurrency transactions, the Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted.

C.     Moreover, considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, Plaintiff has good reason to believe the Defendant will hide or transfer his ill-gotten gains beyond the jurisdiction of this Court unless those assets are restrained.

D.     Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

E.     The Plaintiff was victimized by the theft of her cryptocurrency assets, and it appears from the record that JOHN DOE has no right to claim either possession or ownership of the Plaintiff's stolen assets. Therefore, there is a high likelihood Plaintiff will succeed on her claims.

F.     The balance of hardships also favors Plaintiff, because a Temporary Restraining Order would preserve the *status quo ante* and prevent irreparable harm until such time as the Court may hold a hearing.

G.     Entry of a Temporary Restraining Order will not harm the public interest, which is properly served by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN]

(a division of the U.S. Department of the Treasury) and providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the purloined assets in this action.

Having reviewed the Plaintiff's Complaint, Renewed Motion for *Ex Parte* Temporary Restraining Order, and supporting evidentiary submissions, the Court hereby

**ORDERS and ADJUDGES** that the Plaintiff's Renewed Motion for *Ex Parte* Temporary Restraining Order [ECF No. 7] against Defendant JOHN DOE is **GRANTED**, according to the terms set forth below.

### TEMPORARY RESTRAINING ORDER

1. Defendant JOHN DOE and his agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendant JOHN DOE or any business entity through which he acts or which acts in active concert or participation with him; including but not limited to those assets currently held in: (1) the JOHN DOE Wallet Addresses and any JOHN DOE Secondary Addresses, (2) any account at any other financial institution, bank, trading exchange, or investment firm; and (3) any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere other than in either the JOHN DOE Wallet Addresses and any JOHN DOE Secondary Addresses.

### NOTICE NOT PROVIDED TO PRESENTLY-UNIDENTIFIED DEFENDANT

2. Notice was not provided to Defendant JOHN DOE prior to entry of this Order because his identity is presently unknown to Plaintiff. By separate Order, the Court is simultaneously

herewith granting the Plaintiff's request to engage in expedited discovery through which Plaintiff intends to obtain from the Recipient Cryptocurrency Exchanges listed above Defendant JOHN DOE's identity, including a physical and/or electronic address at which Defendant JOHN DOE can be contacted about the claims asserted against him in this lawsuit.

### BOND TO BE POSTED

3. Fed. R. Civ. P. 65(c) requires that the Plaintiff must typically post security. The Plaintiff shall post a bond in the amount of **One Thousand Eight Hundred Dollars and Zero Cents ($1,800)**, as payment of damages to which the Defendant may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice. In lieu of a bond, the Plaintiff may post cash or its equivalent with the Clerk of Court.

### PRELIMINARY INJUNCTION HEARING

4. A **videoconference hearing** is set before this Court on **May 6, 2021 at 2:00 p.m.** via Zoom videoconference, at which time the Defendant and/or any other affected person may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on the Plaintiff's requested preliminary injunction. The Meeting ID is 161 2752 2255. The password is 7777.

5. Any response or opposition to the Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by **April 30, 2021**. Plaintiff shall file any Reply Memorandum on or before **May 3, 2021**. The above dates may be revised upon stipulation by all parties and approval of this Court. The Defendant is hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them under Fed. R. Civ. P. 65 and this Court's inherent authority.

## DURATION OF TEMPORARY RESTRAINING ORDER

6. The Temporary Restraining Order will expire fourteen (14) days from its entry in accordance with Fed. R. Civ. P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendant JOHN DOE consents that it should be extended for a longer period of time. The Court may, on demonstration of good cause by any party-of-interest, shorten or lift this Order.

## SERVICE OF THIS ORDER AND RELATED FILINGS

7. As soon as is practical upon learning from the Recipient Cryptocurrency Exchanges Defendant JOHN DOE's true identity and obtaining his contact information, Plaintiff shall forthwith serve a copy of the Complaint, Motion, and this Order on the Defendant JOHN DOE and any person or entity that may have possession or control of any property, property right, funds, or asset that may be subject to any provision of this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of April 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record