# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:21-cv-80716-RKA**

TULLIA HEISSENBERG, an individual,

    Plaintiff,

v.

JOHN DOE, an individual;

    Defendant.

_____/

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION FROM NON-PARTY COINBASE, INC.

Plaintiff TULLIA HEISSENBERG, an individual ("Plaintiff"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 7 and 37 as well as Local Rule 7.1, hereby respectfully requests that this Court enter and Order compelling non-party Coinbase, Inc. ("COINBASE") to provide relevant documents and information that are directly responsive to the subpoena served upon COINBASE by Plaintiff on April 23, 2021.  As demonstrated below, COINBASE's objections to the subpoena are inappropriate, obstructive, and should be overruled to save Plaintiff from prejudice in the discovery process.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiff is a retired senior citizen who lost approximately Four Million Four Hundred Thousand Dollars ($4,400,000.00) worth of cryptocurrency in an ongoing identity theft crime called "SIM swapping" or "SIM hijacking."[1]

2. After insiders at Plaintiff's mobile telephone service provider (Metro by T-Mobile) allowed and processed five unauthorized transfers ("SIM swaps") within a six-month period of her

---

[1] Docket Entry No. ("DE") 1 [Complaint] at ¶ 1.

mobile telephone service, Defendant JOHN DOE -- while controlling Plaintiff's cellphone number -- was able to access Plaintiff's account at cryptocurrency exchange BlockFi, where Plaintiff stored a valuable cryptocurrency portfolio.[2]

3. Commencing on or about March 1, 2021 at 20:01 UTC, JOHN DOE withdrew from Plaintiff's BlockFi account nearly all of her cryptocurrency assets -- all without Plaintiff's knowledge or authorization -- and deposited those stolen assets into two cryptocurrency wallets JOHN DOE owned or controlled (the "JOHN DOE Wallet Addresses"), with some of those stolen assets later being transferred by JOHN DOE to secondary cryptocurrency wallet addresses he owned or controlled (the "JOHN DOE Secondary Addresses").

4. Plaintiff commenced this lawsuit against JOHN DOE on April 14, 2021.

5. On April 22, 2021, the Court entered against JOHN DOE a Temporary Restraining Order freezing the JOHN DOE Wallet Addresses and the JOHN DOE Secondary Addresses (the "April 22, 2021 TRO") [DE 14].

6. The Court also, on April 22, 2021, entered an Order granting Plaintiff expedited discovery to obtain from the cryptocurrency exchanges at which some of the JOHN DOE Secondary Addresses are maintained -- as well as from Plaintiff's mobile telephone service provider (Metro by T-Mobile) -- documents identifying JOHN DOE (*e.g.*, name, physical address, mailing/contact address) so Plaintiff can properly name him in this lawsuit and provide him due notice before requesting that the Court issue preliminary or permanent injunctive relief (the "Expedited Discovery Order") [DE 15].

7. Pursuant to the Expedited Discovery Order, Plaintiff served upon several cryptocurrency exchanges -- including COINBASE -- and Metro by T-Mobile subpoenas that called for the production of documents identifying JOHN DOE.

---

[2] Complaint at ¶¶ 30-47, 48.

- 2 -
**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

8. Attached hereto as **Exhibit "A"** is a true and correct copy of the April 23, 2021 subpoena duces tecum served upon COINBASE (the "COINBASE Subpoena").

9. On May 3, 2021, COINBASE served upon Plaintiff COINBASE's objections to the subpoena. Attached hereto as **Exhibit "B"** is a true and correct copy of COINBASE's Objections to Plaintiff's Third-Party Subpoena Duces Tecum ("COINBASE's Objections").

10. On May 12, 2021, undersigned counsel -- in an abundance of caution before bringing this motion -- confirmed with COINBASE's counsel that COINBASE's Objections had been presented in good faith; and undersigned counsel provided COINBASE an opportunity to correct its responses and objections if any good faith corrections were needed. *See*, **Exhibit "C"** hereto. COINBASE stood by its Objections and made no corrections.

11. COINBASE's Objections state an across-the-board refusal to provide any documents or information that would assist Plaintiff in identifying JOHN DOE.

12. Among its litany of objections, COINBASE asserts that because only "*an amount equivalent to 0.3 bitcoin -- or approximately 0.4% of the total value of cryptocurrency assets that were allegedly stolen from Plaintiff*" resides at COINBASE, COINBASE need not cooperate or assist Plaintiff in identifying the person(s) who stolen Plaintiff's assets. *See*, COINBASE Objections at 2. Indeed, COINBASE repeats throughout its Objections its belief that because only a modest portion of Plaintiff's stolen funds were tracked to COINBASE, COINBASE need not comply with the subpoena. *See*, COINBASE Objections at 3 ("*less than 1% of the total amount allegedly stolen here*"), COINBASE Objections at 8 ("*the value transmitted into a Coinbase wallet was less than 1% of the value of the allegedly stolen assets*").

13. COINBASE goes on to state as one of its objections (purportedly stated in good faith) that "*Without confirming or denying the existence of any law enforcement investigation or Coinbase's involvement to relating to any such investigation, Coinbase further objects to this request to the extent it requires Coinbase to disclose confidential information to pending law enforcement investigations, which may undermine the integrity and efficacy of*

*such investigations." See,* COINBASE Objections at 10.  COINBASE reiterates this identical objection three times in its Objections.  *See* COINBASE Objections to Request No. 2, No. 4, and No. 6.  While law enforcement subpoenas and Suspicious Activity Reports themselves may not discoverable, all underlying factual documents related to a law enforcement investigation *are* discoverable.  *See*, *FTC v. Marcus*, Case No. 0:17-cv-60907-MORENO, 2020 WL 1482250, at *4 (S.D. Fla. Mar. 27, 2020) ("The SAR Privilege does not include, however, 'the underlying facts, transactions, and documents upon which a SAR is based.'  Accordingly, courts have held that 'supporting documentation' giving rise to a SAR that is generated or received in the ordinary course of business is discoverable.'").

14. Plaintiff is working directly with the FBI and believes the FBI has issued to multiple cryptocurrency exchanges (including COINBASE) requests for information related to the theft of Plaintiff's cryptocurrency assets.  COINBASE's coy "*without confirming or denying*" statement renders its objection vague, unhelpful, and nothing more than a mere hypothetical.  Objections must be supported by actual facts, not mere hypotheticals.  If COINBASE has assisted a law enforcement agency with its investigation into the crime committed upon Plaintiff, COINBASE should not only affirmatively state so; it should also afford Plaintiff that same measure of assistance.  As it stands, COINBASE has essentially (though purposefully not expressly) stated that it has no intention to comply with the Subpoena and that Plaintiff -- who has definitely (not hypothetically) been the victim of a crime -- should look elsewhere for assistance in pursuing the facts and information that will aid her in finding justice.

15. COINBASE's Objections are unfounded, are designed to hurt the Plaintiff/victim in this case, are not based on actual legal objections, obstruct Plaintiff's ability to obtain relevant discovery, and undermine the purpose for which the Court entered its Expedited Discovery Order.

Civil Action No. 9:21-cv-80716-RKA

## **LEGAL ARGUMENT**

16. The scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. Rule 26 allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." Fed.R.Civ.P. 26(b)(1). The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L.Ed.2d 253 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). There is no debate that the information requested in the COINBASE Subpoena is relevant.

17. Here, Plaintiff served her subpoena upon COINBASE, utilizing the Court-approved language, for the narrow and wholly-relevant purpose of identifying JOHN DOE and bringing him in front of this Court to defend himself before any preliminary or permanent injunctive relief issues.

18. In granting Plaintiff the ability to serve the COINBASE Subpoena in an expedited fashion, the Court considered and accepted the expert witness testimony of a cryptographic tracing expert (Pawel Aleksander of Coinfirm), who had traced to COINBASE (among other locations) the path of at least a portion of the digital assets stolen from Plaintiff.

19. In its Objection, however, COINBASE has unilaterally overruled the Court and has itself determined that:

> There is absolutely no reason to believe that the Coinbase user at issue -- and by extension, Coinbase -- has any information that would be relevant to Plaintiff's stated purpose of identifying Doe. Coinbase therefore objects to the Subpoena because it is wholly lacking any factual basis, and is instead directed at harassing and burdening Coinbase and its customer, who appears to be a bona fide party with no relationship to Doe at all.

COINBASE Objection at 4.

- 5 -

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

20. COINBASE set forth that conclusion with nothing to overcome Plaintiff's sworn evidence beyond what COINBASE obliquely calls "*[s]imple blockchain analysis*," though COINBASE provides no such documented analysis or evidence in support of its conclusion or its objection.

21. To the extent COINBASE has actually performed any "simply blockchain analysis" that corroborates or refutes the analysis already presented to the Court by Plaintiff as it relates to the COINBASE wallet address and customer account at issue, COINBASE's analysis is, in and of itself, clearly relevant to this matter and is responsive to the Subpoena. *See*, *e.g.*, Request No. 2 ("*All documents regarding, reflecting, recording, or memorializing transactions . . . into or out of the following wallet address: 3LF1XGESznTATC7dMQ2zWmZdf4WEJCcehj (the "Wallet Address"*)).

22. Moreover, COINBASE's assertion that "*[t]here is absolutely no reason to believe that the Coinbase user at issue -- and by extension, Coinbase -- has any information that would be relevant to Plaintiff's stated purpose of identifying Doe*" is unfounded by several of COINBASE's specific objections. For example, in response to Request No. 6 -- which specifically noted that the documents sought by Plaintiff are not to include "any Suspicious Activity Reports (SARs) filed by Coinbase with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed" -- COINBASE stated that it "*objects to this Request to the extent it requires Coinbase to disclose confidential information relating to pending law enforcement investigations, which may undermine the integrity and efficacy of such investigations.*" If there are any pending law enforcement investigations in which COINBASE has provided documentation that would identify JOHN DOE as the owner of the COINBASE account at issue or as being related somehow to the account owner -- an issue which COINBASE not-so-subtly avoided answering in its Objections -- that information is precisely within the ambit of the COINBASE Subpoena and cannot justifiably be withheld from Plaintiff, who is the victim of the crime at the center of such an investigation. COINBASE has no legal right to withhold

from Plaintiff such information; as in fact, providing Plaintiff such information would further -- not impede -- the interests of justice.

23. Similarly, COINBASE's oft-stated objection that it is withholding documents on the basis that such documents are "*protected from disclosure by the attorney-client privilege [or the] work product doctrine*" are unfounded by the crime-fraud exception to such privileges as well as the fact that COINBASE has provided no privilege log under which this vaguely-asserted privilege can be assessed. *See*, COINBASE's Objections at 5 and at Request Nos. 1, 4, and 6. Generalized objections such as those posed by COINBASE do not comply with Local Rules and are deemed a nullity. *See*, *e.g.*, *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008) ("Generalized objections asserting 'confidentiality,' attorney-client privilege or work product doctrine also do not comply with local rules" and are "deemed a nullity."). Additionally, if any documents actually exist that are covered by the privilege, that fact alone would clearly demonstrate that COINBASE is withholding documents responsive to the Subpoena.

24. COINBASE also objects to the Subpoena "*to the extent it calls for the disclosure of information that would violate individuals' expectation of, and right to, privacy of their private information, including, but not limited to, any rights conferred by Fla. Const. art I, § 23.*" *See*, COINBASE Objections at 7. *See also*, COINBASE Objections to Request No. 1 (*same*). In entering the Expedited Discovery Order, however, this Court already rejected such an argument as a basis for withholding documents from production; and that ruling was expressly printed on the Subpoena:

> Additionally, Judge Altman ruled on April 23, 2021 that any privacy interest that Defendant JOHN DOE has concerning the documents and information requested by a non-party subpoena are outweighed by the need to prosecute the theft and conversion alleged in the Complaint in this lawsuit; and those privacy concerns shall not be a just cause for the subpoenaed non-party to withhold such requested documents and information.

*See*, COINBASE Subpoena at Page 6 ("*NOTICE OF COURT RULINGS*"). Once again, COINBASE's self-bestowed power and over-eagerness to object to the Subpoena outright ignores the rulings and authority of this Court.

25. Likewise, COINBASE repeatedly objects in its Objections on the purported basis that the COINBASE customer targeted by the Subpoena "*is likely a bona fide recipient of bitcoin who has no relationship with Doe at all.*" *See*, COINBASE Objections at 4 and Request Nos. 2 and 4. In stating that objection, COINBASE demonstrates with its chosen language (*i.e.*, "*appears to be a bona fide party*" and "*is likely a bona fide recipient*") that it has no sound factual basis upon which to make those assertions and is offering nothing more than mere speculation to support yet another baseless objection. If COINBASE has indeed investigated the matter and can conclusively state that the COINBASE accountholder is not Defendant JOHN DOE and has no relationship with JOHN DOE, then the documentation memorializing that investigation should be provided.

26. As the United States District Court for the District of Kansas has stated:

> This Court has on several occasions "disapproved [of] the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery." This Court has characterized these types of objections as "worthless for anything beyond delay of the discovery." Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes " 'no meaningful effort to show the application of any such theoretical objection' to any request for discovery." Thus, this Court has deemed such "ostensible" objections waived, or declined to consider them as objections.

*Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 666-667 (D. Kan. 2004). *See also*, *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (*same*); *Mancia v. Mayflower Textile Svcs. Co.*, 253 F.R.D. 354, 359 (D. Md. 2008) (*same*); *Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 13 (D. D.C. 2008) (Court rejected discovery objections based on "hypothetical privileges" as "an inefficient use of the parties' and this Court's time"). So too should this Court deem COINBASE's ambiguously-crafted

Civil Action No. 9:21-cv-80716-RKA

objections based on hypothetical suppositions to be a meaningless waste of time and waived in their entirety.

27.  Plaintiff's undersigned counsel has worked in good faith with COINBASE's counsel to gather the documents and information that assist in identifying JOHN DOE, whose true identity is still unknown to Plaintiff. To date, that effort has not been reciprocated by COINBASE itself; and Plaintiff therefore comes to this Court for its assistance in compelling COINBASE's compliance with its obligations under the applicable federal and Local Rules.

## CONCLUSION

For the foregoing reasons, Plaintiff TULLIA HEISSENBERG respectfully requests that this Honorable Court:

>(1) compelling Non-Party Coinbase, Inc., to provide within ten (10) days of the Court's Order, all relevant documents in Coinbase's possession, custody, or control that are responsive to the April 23, 2021 subpoena served upon it;
>
>(2) awarding Plaintiff the reasonable measure of attorneys' fees and costs she has incurred in making this motion; and
>
>(3) enter any other and further relief the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(a)(3)

In accordance with Rule 7.1(a)(3) of the Local Rules of the United States District Court - Southern District of Florida, the undersigned attorneys for Plaintiff certify that in good faith, before filing this motion, they sent correspondence to counsel for Non-Party Coinbase, Inc. requesting compliance from Coinbase and adherence to the Rules of Civil Procedure. To date, Coinbase has expressed its unwillingness to remedy this dispute or to otherwise make any efforts to resolve this motion. Thus, the parties at issue have not been able to resolve the issue(s) presented in this motion.

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 516-6000

By: _____
    DAVID C. SILVER
    Florida Bar No. 572764
    E-mail: DSilver@SilverMillerLaw.com
    JASON S. MILLER
    Florida Bar No. 072206
    E-mail: JMiller@SilverMillerLaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __19th__ day of May 2021 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: All Counsel of Record.

**I FURTHER CERTIFY** that a true and correct copy of the foregoing was served via electronic mail only this __19th__ day of May 2021 to: **S. ASHLIE BERINGER, ESQ., WESLEY SZE, ESQ., and JACOB USHER ARBER, ESQ.**, GIBSON, DUNN & CRUTCHER, LLP, *Counsel for Non-Party Coinbase, Inc.*, 1881 Page Mill Road, Palo Alto, CA 94304; E-mail: ABeringer@GibsonDunn.com, WSze@GibsonDunn.com, and JArber@GibsonDunn.com.

_____
DAVID C. SILVER