AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 9:21-cv-80716-ALTMAN/Brannon

TULLIA HEISSENBERG, an individual,

      Plaintiff,

v.

JOHN DOE, an individual;

      Defendant.

_____/

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

| To: | **Coinbase, Inc.**<br>**c/o Legal Department**<br>**E-mail: civil.subpoenas@coinbase.com; legal@coinbase.com** |
|---|---|

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  *See,* **Exhibit "A" attached hereto**

| Place: | **Silver Miller**<br>**11780 West Sample Road**<br>**Coral Springs, FL 33065** | Date and Time: | **May 3, 2021**<br>**5:00 p.m. EST** |
|---|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: | |
|---|---|---|---|

The provisions of Fed.R.Civ.P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   April 23, 2021

*CLERK OF COURT*

_____     OR     _____
    *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, is: **David C. Silver, Esq.**, SILVER MILLER, *Counsel for Plaintiff*, 11780 West Sample Road, Coral Springs, FL 33065; Telephone: (954) 516-6000; E-mail: DSilver@SilverMillerLaw.com.

# EXHIBIT "A"

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:21-cv-80716-ALTMAN/Brannon _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*_____
was received by me on *(date)* _____.

□  I served the subpoena by delivering a copy to the named individual as follows:
_____
_____
_____
_____
on *(date)* _____; or

□  I returned the subpoena unexecuted because:
_____
_____
_____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
_____
_____
_____
*Server's address*

Additional information regarding attempted service, etc:
_____
_____
_____
_____
_____

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/01/2013)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

      **(i)** is a party or a party's officer; or

      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:

    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***

    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;

      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      **(iv)** subjects a person to undue burden.

    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***

    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

      **(i)** expressly make the claim; and

      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

  The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
(Page 4)

# EXHIBIT "A"

## DEFINITIONS

The terms listed below are defined as follows:

1.      The terms "you," "your," and "Coinbase" mean Coinbase, Inc., as well as all of its agents, representatives, attorneys, parent companies, subsidiary companies, affiliate companies, predecessor or successor companies, or any other persons acting or purporting to act on its behalf.

2.      The term "JOHN DOE" means Defendant JOHN DOE, as well as all of his agents, representatives, partners, associates, or any other persons acting or purporting to act on his behalf.  In addition, the term shall include any legal entity or business organization managed or controlled by JOHN DOE through which he was acting.

3.      As used herein, the term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

4.      As used herein, the term "person" shall mean any natural person, individual, corporation, proprietorship, partnership, trust, association or any other entity.

5.      As used herein, the term "date" shall mean the exact date, month, year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

6.      As used herein, the terms "document," "documents" and "documentation" shall mean all writings or graphic materials or any other means of preserving thought or expression, including computer and/or word processing or computer-assisted memory, and all tangible things of any kind or character however stored, retrieved, produced, reproduced or reproducible, from which information can be retrieved, produced, processed or transferred, including originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation:

   (a)  Correspondence, memoranda, notes, messages, letters, telegrams, records of any telephone calls or face-to-face communications, electronic mail messages with all attachments thereto;

   (b)  Minutes, books, reports, studies, charts, ledgers, invoices, worksheets, receipts, canceled checks, financial statements, schedules, affidavits, contracts, exhibits, insurance certificates, transcripts, statistics, surveys, summaries, compilations, blueprints, specifications, plans, photographs, file folders and flaps, test data and graphs depicting test results, inter-office memoranda, intra-office memoranda, stock certificates, balance sheets; and

   (c)  Notations or statements of any kind whatsoever of communications containing conversations, dialogues, discussions, interviews, consultations, or other understandings between or among two or more persons, whether oral or written.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
(Page 5)

7.      The term "all documents" means every document known to you, and each and every such document which can be located or discovered by reasonably diligent effort.

8.      As used herein, the terms "concerned" and/or "concerning" and/or "relate" and/or "relating to" and/or "pertain to" and/or pertaining to" shall mean relates to, refers to, contains, concerns, regarding, alluding to, responding to, connected with, in respect to, commenting on, stating, explaining, summarizing, defining, discussing, describing, documenting, disclosing, showing, reflecting, analyzing, projecting, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuffs, controverts, or contradicts.

9.      As used herein, the term "communication" shall mean oral and written communications, or the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

10.     "Any" and "all" shall mean "any and all" which includes "each and every."

11.     As used herein, the singular shall include the plural and *vice versa*; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean "including without limitation."

12.     The term "identify" generally means to describe in detail and as fully as possible, the occurrence, act, situation, event, item, etc. to be identified.

13.     The term "identify," when used with reference to a person, means to state:

    (a)  His/her full name and present (or, if the present is not known, his/her last known) address and telephone number;

    (b)  His/her present (or, of the present is not known, his/her last known) position or place of employment; and

    (c)  His/her present or past relationship with you, if any, and the dates and nature of such relationship.

14.     The term "identify," when used with reference to a document, shall mean:

    (a)  the type of document (i.e., correspondence, memorandum, facsimile, etc.);

    (b)  its title (if any);

    (c)  the general subject matter and substance of the document;

    (d)  the date of the document;

    (e)  the author(s) of the document;

    (f)  the name of each person to whom the document was addressed or distributed;

    (g)  the relationship of the author(s) and addressee(s) to each other;

    (h)  the physical location of the document; and

    (i)  the name and address of the custodian(s) of the document.

15.     The term "identify," when used with reference to a statement, means:

    (a)  State the date and place it was made;

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
(Page 6)

    (b)  State whether the statement or representation was oral or written;

        *(i)*  If oral, identify the oral communication in which it was made and any recording made thereof.

        *(ii)*  If in writing, identify the document in which it was made as set forth in Paragraph 14 of these definitions; and

    (c)  Provide the names, addresses, employers, and positions of all persons who made this statement or who were present at the time it was made.

## APPLICABLE TIME PERIOD

Unless otherwise indicated, the time period covered by this subpoena for documents is **from January 1, 2019 through the present date**. However, these requests are deemed to be continuing in nature; and in the event you become aware of additional responsive information, you are requested promptly to provide such additional responsive information to Plaintiff.

## *NOTICE OF COURT RULINGS*

**Following a hearing conducted on April 22, 2021, United States Judge Roy K. Altman ruled that, due to the exigent nature of the circumstances of this case, any non-party subpoenaed to produce documents shall make his/her/its document production within ten (10) days of the date of his/her/its receipt of the subpoena.**

**Additionally, Judge Altman ruled on April 23, 2021 that any privacy interest that Defendant JOHN DOE has concerning the documents and information requested by a non-party subpoena are outweighed by the need to prosecute the theft and conversion alleged in the Complaint in this lawsuit; and those privacy concerns shall not be a just cause for the subpoenaed non-party to withhold such requested documents and information.**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
(Page 7)

# <u>DOCUMENTS TO BE PRODUCED</u>

The following documents for all accounts bearing the signatory authority of, in the name of, and/or in the name of any individual or entity believed to be controlled by or acting in concert with JOHN DOE for the applicable time period stated above:

1. All documents regarding, reflecting, recording, or memorializing account opening and closing, including JOHN DOE's actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by Coinbase.

2. All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (*i.e.*, bank accounts or other sources of funding tied to JOHN DOE's Coinbase account[s]), and account holdings, including but not limited to transactions into or out of the following wallet address: **3LF1XGESznTATC7dMQ2zWmZdf4WEJCcehj** (the "Wallet Address").

3. All transactional logs for all activity in JOHN DOE's Coinbase account(s), including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

4. All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by Coinbase that the JOHN DOE account at Coinbase to which the Wallet Address is linked was linked to or associated with any other Coinbase account(s).

5. Correspondence exchanged by and between Coinbase and JOHN DOE.

6. Correspondence exchanged by and between Coinbase and any third-party concerning or relating to JOHN DOE. <u>NOTE</u>: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by Coinbase with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.