UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TULLIA HEISSENBERG,

    Plaintiff,

v.

JOHN DOE,

    Defendant.

Case No. 21-CIV-80716-RKA

**NONPARTY COINBASE, INC.'S OBJECTIONS TO
PLAINTIFF'S THIRD-PARTY SUBPOENA DUCES TECUM**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparty Coinbase, Inc. ("Coinbase"), by and through its attorneys, hereby objects to Plaintiff's third-party subpoena duces tecum, dated April 23, 2021 (the "Subpoena").

Coinbase expressly reserves the right to amend or supplement its objections for any reason. Further, Coinbase shall not be prejudiced if any of its present objections are based upon incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter. Coinbase is objecting to the Subpoena based upon its best, good faith understanding of each request therein. In addition, these objections are made without prejudice to Coinbase's right to move to quash the Subpoena, or to make any other motion to preserve its rights, as a nonparty, from being required to produce documents in this action. Coinbase makes these objections without waiving, and expressly reserving, all arguments regarding personal jurisdiction and venue in the Southern District of Florida. Nothing contained in these objections consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any request.

**EXHIBIT "B"**

## PRELIMINARY STATEMENT AND OBJECTIONS

Coinbase objects to the Subpoena because Plaintiff has not articulated any factual or evidentiary basis to demonstrate that Coinbase has documents that are relevant to Plaintiff's purported justification of the discovery—which Plaintiff represented is "focused solely on JOHN DOE's identity and cryptocurrency wallets and accounts JOHN DOE owned, operated, or controlled at least in part by JOHN DOE." (Dkt. 8 at 2.) The *only* basis Plaintiff has identified for seeking discovery from Coinbase is that, according to Plaintiff's allegations, an amount equivalent to 0.3 bitcoin—or approximately 0.4% of the total value of cryptocurrency assets that were allegedly stolen from Plaintiff—supposedly was "transferred to [a] wallet[]/account[]" associated with a Coinbase user. (Dkt. 1 ¶ 51.) Apart from conclusory assertions and speculation, Plaintiff has not articulated any evidence or credible showing that this Coinbase user is Doe (or anyone associated with Doe). Indeed, the only wallet Plaintiff has alleged is directly involved in the alleged theft of assets—the "JOHN DOE BTC Wallet"—is not a Coinbase wallet at all.

Moreover, Plaintiff's claim that the Coinbase account at issue was "discovered through cryptographic tracing" to contain bitcoin traceable to the allegedly stolen bitcoin (Dkt. 7 at 11) is both incorrect and misleading. There is no evidentiary basis to support the notion that Doe is connected to the owner of the Coinbase wallet address. The cryptocurrency at issue was *not* deposited directly into the Coinbase account that Plaintiff has identified—and there is no apparent connection between the initial deposit following the theft and the Coinbase wallet address for which Plaintiff seeks discovery. (*See* Dkt. 1 ¶ 51.) Instead, as publicly available sources demonstrate,[1] the bitcoin that Doe allegedly stole from Plaintiff and deposited into a third-party service was followed by transactions that passed through *multiple* different wallet addresses and

---

[1] *See* http://blockchain.com/explorer.

cryptocurrency services over a period of several days. Along the way, several of those wallets received deposits from, or processed withdrawals by, *other* unique wallets—including in amounts much greater than the amount of bitcoin allegedly stolen here.[2] As a result, by the time an amount equivalent to a fraction of bitcoin—less than 1% of the total amount allegedly stolen here—was deposited into a Coinbase account, there was no logical connection between Doe (the individual who allegedly stole the funds) and the holder of the Coinbase account identified in Plaintiff's Complaint.

Coinbase therefore objects to the Subpoena because Plaintiff has not offered any evidence or logical reason to show why the Coinbase account that Plaintiff identified has *any* connection with Doe. If a thief stole $100 and deposited that cash at a bank, one could not infer that another individual withdrawing $40 dollars from that same bank was connected to the thief simply because the cash was withdrawn from the same bank—and that would certainly be true if the $40 dollars was, in turn, re-deposited and re-withdrawn by multiple different account holders at multiple banks. This is particularly true for bitcoin, which is not a tangible asset that can be traced as one would trace the path of a physical good, like art or jewelry. Rather, like traditional currency, all that can be traced is the value of transactions between accounts and institutions. Here, there were numerous transactions over a period of days, breaking the chain between Doe's initial deposit into a third-party service and the ultimate deposit of a tiny fraction of that amount into a Coinbase wallet.

---

[2] Each wallet is akin to a private bank: it may contain one address (similar to an account) or it may contain hundreds of thousands of addresses. And transfers may be made either between addresses in different wallets or within a single wallet, much like how funds can be transferred between banks or between accounts at a single bank.

3

It is therefore highly misleading for Plaintiff to issue a third-party subpoena to Coinbase by portraying the Coinbase account at issue as a "Secondary Address" of Doe. (Dkt. 8 at 5.) Simple blockchain analysis establishes that there were multiple intervening transactions with different addresses and wallets that break the chain between Doe and the Coinbase account holder. Neither civil discovery generally, nor third-party subpoenas in particular, permits such broad discovery into personal and protected information with no factual basis.

There is absolutely no reason to believe that the Coinbase user at issue—and by extension, Coinbase—has any information that would be relevant to Plaintiff's stated purpose of identifying Doe. Coinbase therefore objects to the Subpoena because it is wholly lacking any factual basis, and is instead directed at harassing and burdening Coinbase and its customer, who appears to be a bona fide party with no relationship to Doe at all.

Coinbase further objects to the Subpoena because it tortiously interferes with Coinbase's business, contractual, and prospective business relations, including Coinbase's relationship with the owner of the Coinbase wallet address at issue. There is no factual or evidentiary basis to use this Subpoena to interfere with Coinbase's customer relationships. Plaintiff's issuance of the Subpoena—based on incorrect and misleading factual assertions—is an abuse of the judicial process.

Coinbase further objects to the Subpoena, including the "Definitions" and "Applicable Time Period," to the extent they impose obligations and demands upon Coinbase beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Local Rules, and any other applicable federal or state law. Coinbase will construe and respond to the Subpoena in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

Finally, Coinbase objects to the Subpoena because it was not served on Coinbase's registered agent for service of process. Plaintiff's service of the Subpoena through electronic mail is not an appropriate method of service under the Federal and Local Rules. Coinbase has not consented to, and does not consent to, service of process for civil subpoenas through electronic mail.

## OBJECTIONS TO DEFINITIONS

Coinbase objects to the definition of "you," "your," and "Coinbase" as vague, ambiguous, overly broad, and unduly burdensome to the extent Plaintiff intends to use these terms to include entities that are not Coinbase and/or over which Coinbase exercises no control. Coinbase further objects to this definition to the extent that it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, or any other lawfully recognized privilege.

Coinbase objects to the definition of "JOHN DOE" as vague, ambiguous, overly broad, and unduly burdensome. In particular, Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE," and further, does not know the identity of the "agents, representatives, partners, associates, or any other persons acting or purporting to act on his behalf." Nor does Coinbase know, or have the ability to know, any "legal entity or business organization managed or controlled by JOHN DOE through which he was acting." Plaintiff has not provided information that would enable Coinbase to identify "JOHN DOE" or any "agents, representatives, partners, associates, or any other persons acting or purporting to act on his behalf," or any "legal entity or business organization managed or controlled by JOHN DOE through which he was acting." Coinbase therefore objects to the Subpoena to the extent it requires Coinbase to interpret the term "JOHN DOE" and locate responsive documents based on the term "JOHN DOE." Additionally, Coinbase objects to this definition to the extent it calls for a legal conclusion about

whether an individual or entity constitutes an "agent," "representative," "partner," or "associate" of "JOHN DOE," or whether an individual or entity is "managed or controlled by JOHN DOE."

Coinbase objects to the definition of "document," "documents," "documentation," and "communication" to the extent that Plaintiff purports to use defined terms to request the identification and disclosure of documents that: (a) were prepared in anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules. Coinbase further objects to the extent that these definitions purport to impose obligations that go beyond the requirements of the Federal and Local Rules.

Coinbase objects to the definition of "all documents" as overly broad and unduly burdensome to the extent it imposes obligations and demands upon Coinbase beyond those contemplated by the Federal Rules of Civil Procedure, the applicable Local Rules, and any other applicable federal or state law.

## SPECIFIC OBJECTIONS APPLICABLE TO ALL REQUESTS

Coinbase objects to the place of compliance in Coral Springs, Florida, which is more than 100 miles away from where Coinbase "resides, is employed, or regularly transacts business in person," and therefore violates Federal Rule of Civil Procedure 45(c).

Coinbase objects to the "Applicable Time Period" of "January 1, 2019 through the present date" as overly broad and unduly burdensome. There is no basis to request documents, including transaction logs, correspondence, or other account information, from a time period that extends well before any of the alleged events in the underlying complaint.

Coinbase objects to the "Applicable Time Period" to the extent it purports to impose requests that are "continuing in nature" without any end date as overly broad and unduly

6

burdensome. There is no basis to request documents, including transaction logs, correspondence, or other account information, from a time period that extends after any of the alleged events in the underlying complaint.

Coinbase objects to the Subpoena's stated document production deadline of May 3, 2021, at 5:00 p.m. EST, which does not provide sufficient time for Coinbase to identify and collect relevant documents, if any.

Coinbase objects to the Subpoena's request for "documents for all accounts bearing the signatory authority of, in the name of, and/or in the name of any individual or entity believed to be controlled by or acting in concert with JOHN DOE for the applicable time period" as vague, ambiguous, overly broad, and unduly burdensome. As stated above, Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE," let alone any "individual or entity believed to be controlled by or acting in concert with JOHN DOE." Coinbase also objects the requests to the extent they call for a legal conclusion about whether an individual or entity is "controlled by or acting in concert with JOHN DOE."

Coinbase objects to the Subpoena to the extent it purports to requires disclosure of information about customers that would violate Coinbase's legal, contractual, and regulatory obligations to protect and keep confidential its customers' private information. Coinbase further objects to the Subpoena to the extent it calls for the disclosure of information that would violate individuals' expectation of, and right to, privacy of their private information, including, but not limited to, any rights conferred by Fla. Const. art I, § 23.

Coinbase objects to the requests to the extent they seek information about individuals with whom Coinbase has no relationship, including individuals whose information is maintained and controlled by other entities.

Coinbase objects to the Subpoena to the extent that it purports to obligate Coinbase to produce documents and/or information that can be obtained from public sources or other sources that are more convenient, less burdensome, and less expensive, particularly in view of Plaintiff's admission that the value transmitted into a Coinbase wallet was less than 1% of the value of the allegedly stolen assets.

## **SPECIFIC OBJECTIONS**

**REQUEST NO. 1:**

All documents regarding, reflecting, recording, or memorializing account opening and closing, including JOHN DOE's actual legal name, all proofs of identification (such as government-issued photo ID), date of birth, Social Security Number, telephone number, electronic mail address, residential/mailing address, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by Coinbase.

**OBJECTIONS TO REQUEST NO. 1:**

Coinbase incorporates its Preliminary Statement and Objections, Objections to Definitions, and Specific Objections Applicable to All Requests above as if set forth fully herein.

Coinbase further objects to this Request as vague, ambiguous, and unduly burdensome because the Request calls for documents relating to the "account opening and closing" of "JOHN DOE," when Plaintiff has not identified "JOHN DOE" to Coinbase, and Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE."

Coinbase further objects to this Request on the grounds that Plaintiff has not established that "JOHN DOE" (or anyone who may be associated with "JOHN DOE") maintains a Coinbase account, so this Request calls for documents outside the possession, custody or control of Coinbase.

Coinbase further objects to this Request on the grounds that it calls for sensitive, private information, including information protected by Fla. Const. art. I, § 23.

Coinbase further objects to this Request for "Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information compiled by Coinbase" to the extent such documents are protected from disclosure by the attorney-client privilege, work product doctrine, the Suspicious Activity Report privilege, or any other lawfully recognized privilege.

Coinbase further objects to this Request as overly broad and unduly burdensome, as it requests cumulative and duplicative information. Plaintiff has not stated why "[a]ll documents" are necessary for Plaintiff's stated purpose of identifying Doe, when many of the categories of documents identified in the Request contain cumulative and duplicative identifying information.

Without confirming or denying the existence of any previously filed, contemplated, pending, or forthcoming Suspicious Activity Reports ("SARs"), Coinbase further objects to this Request to the extent it seeks production of any such SARs filed by Coinbase with any governmental regulatory or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed. *See* 12 C.F.R. § 21.11(k); 31 U.S.C. § 5318(g)(2)(A)(i).

**REQUEST NO. 2:**

All documents regarding, reflecting, recording, or memorializing transactions, funding, registered funding sources (i.e., bank accounts or other sources of funding tied to JOHN DOE's Coinbase account[s]), and account holdings, including but not limited to transactions into or out of the following wallet address: 3LF1XGESznTATC7dMQ2zWmZdf4WEJCcehj (the "Wallet Address").

**OBJECTIONS TO REQUEST NO. 2:**

Coinbase incorporates its Preliminary Statement and Objections, Objections to Definitions, and Specific Objections Applicable to All Requests above as if set forth fully herein.

Coinbase further objects to this Request as vague, ambiguous, and unduly burdensome because the Request calls for documents relating to "JOHN DOE's Coinbase account(s)," when Plaintiff has not identified "JOHN DOE" to Coinbase, and Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE."

Coinbase further objects to this Request on the grounds that Plaintiff has not established that "JOHN DOE" (or anyone who may be associated with "JOHN DOE") maintains a Coinbase account, so this Request calls for documents outside the possession, custody or control of Coinbase.

Coinbase further objects on the ground that Plaintiff has not established that the specific Wallet Address identified in the Request is in any way associated with Doe. Indeed, cryptographic tracing demonstrates that the bitcoin in this Wallet Address likely came from one of numerous other sources unaffiliated with Doe.. There is no basis for Plaintiff to assert that this Wallet Address is owned by an individual that has any association with Doe. This Request is overbroad and seeks information that is not relevant to Plaintiff's stated purpose of identifying Doe, and subjects Coinbase and its customer—who is likely a bona fide recipient of bitcoin who has no relationship with Doe at all—to harassment, undue burden, and violations of rights to privacy and confidentiality.

Without confirming or denying the existence of any law enforcement investigation or Coinbase's involvement to relating to any such investigation, Coinbase further objects to this Request to the extent it requires Coinbase to disclose confidential information relating to pending

law enforcement investigations, which may undermine the integrity and efficacy of such investigations.

Without confirming or denying the existence of any previously filed, contemplated, pending, or forthcoming SARs, Coinbase further objects to this Request to the extent it seeks production of any such SARs filed by Coinbase with any governmental regulatory or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed. *See* 12 C.F.R. § 21.11(k); 31 U.S.C. § 5318(g)(2)(A)(i).

**REQUEST NO. 3:**

All transactional logs for all activity in JOHN DOE's Coinbase account(s), including but not limited to all holding pages, trade confirmations, beginning balance, all trades (whether initiated by JOHN DOE or someone else) or trade orders (whether executed or unexecuted), all date/time stamps for each trade, date/time stamps showing when each trade was filled (as applicable), account balance following each executed trade, the ending balance, and the names and public addresses of all counterparties to each trade.

**OBJECTIONS TO REQUEST NO. 3:**

Coinbase incorporates its Preliminary Statement and Objections, Objections to Definitions, and Specific Objections Applicable to All Requests above as if set forth fully herein.

Coinbase further objects to this Request as vague, ambiguous, and unduly burdensome because the Request calls for documents relating to "JOHN DOE's Coinbase account(s)," when Plaintiff has not identified "JOHN DOE" to Coinbase, and Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE."

Coinbase further objects to this Request on the grounds that Plaintiff has not established that "JOHN DOE" (or anyone who may be associated with "JOHN DOE") maintains a Coinbase

account, so this Request calls for documents outside the possession, custody or control of Coinbase.

Without confirming or denying the existence of any previously filed, contemplated, pending, or forthcoming SARs, Coinbase further objects to this Request to the extent it seeks production of any such SARs filed by Coinbase with any governmental regulatory or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed. *See* 12 C.F.R. § 21.11(k); 31 U.S.C. § 5318(g)(2)(A)(i).

**REQUEST NO. 4:**

All documents regarding, reflecting, recording, or memorializing any suspicion or belief held by Coinbase that the JOHN DOE account at Coinbase to which the Wallet Address is linked was linked to or associated with any other Coinbase account(s).

**OBJECTIONS TO REQUEST NO. 4:**

Coinbase incorporates its Preliminary Statement and Objections, Objections to Definitions, and Specific Objections Applicable to All Requests above as if set forth fully herein.

Coinbase further objects to this Request as vague, ambiguous, and unduly burdensome because the Request calls for documents relating to the "the JOHN DOE account at Coinbase," when Plaintiff has not identified "JOHN DOE" to Coinbase, and Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE."

Coinbase further objects to this Request on the grounds that Plaintiff has not established that "JOHN DOE" (or anyone who may be associated with "JOHN DOE") maintains a Coinbase account, so this Request calls for documents outside the possession, custody or control of Coinbase.

Coinbase further objects on the ground that Plaintiff has not established that the specific Wallet Address identified in the Request is in any way associated with Doe. Indeed, cryptographic tracing demonstrates that the bitcoin in this Wallet Address likely came from one of numerous other sources unaffiliated with Doe. There is no basis for Plaintiff to assert that this Wallet Address is owned by an individual that has any association with Doe. This Request is overbroad and seeks information that is not relevant to Plaintiff's stated purpose of identifying Doe, and subjects Coinbase and its customer—who is likely a bona fide recipient of bitcoin who has no relationship with Doe at all—to harassment, undue burden, and violations of rights to privacy and confidentiality.

Coinbase further objects to this Request as vague and ambiguous as to the meaning of "suspicion" or "belief," which are not defined and lack a specific and precise meaning.

Coinbase further objects to this Request for "documents regarding, reflecting, recording, or memorializing any suspicion or belief" to the extent such documents are protected from disclosure by the attorney-client privilege, work product doctrine, or any other lawfully recognized privilege.

Coinbase further objects to this Request as vague and ambiguous as to the meaning of "associated with," which is not defined and lack a specific and precise meaning.

Without confirming or denying the existence of any law enforcement investigation or Coinbase's involvement to relating to any such investigation, Coinbase further objects to this Request to the extent it requires Coinbase to disclose confidential information relating to pending law enforcement investigations, which may undermine the integrity and efficacy of such investigations.

Without confirming or denying the existence of any previously filed, contemplated, pending, or forthcoming SARs, Coinbase further objects to this Request to the extent it seeks production of any such SARs filed by Coinbase with any governmental regulatory or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.  *See* 12 C.F.R. § 21.11(k); 31 U.S.C. § 5318(g)(2)(A)(i).

**REQUEST NO. 5:**

Correspondence exchanged by and between Coinbase and JOHN DOE.

**OBJECTIONS TO REQUEST NO. 5:**

Coinbase incorporates its Preliminary Statement and Objections, Objections to Definitions, and Specific Objections Applicable to All Requests above as if set forth fully herein.

Coinbase further objects to this Request as vague, ambiguous, and unduly burdensome because the Request calls for documents relating to "[c]orrespondence exchanged [with] JOHN DOE," when Plaintiff has not identified "JOHN DOE" to Coinbase, and Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE."

Coinbase further objects to this Request on the grounds that Plaintiff has not established that "JOHN DOE" (or anyone who may be associated with "JOHN DOE") has any relationship with Coinbase, so this Request calls for documents outside the possession, custody or control of Coinbase.

Coinbase further objects to this Request as overly broad and unduly burdensome because Plaintiff has not demonstrated why all "[c]orrespondence exchanged by and between Coinbase and JOHN DOE," without any limitation, is relevant to Plaintiff's stated purpose of identifying Doe.

14

Coinbase further objects to this Request as overly broad and unduly burdensome, as it requests cumulative and duplicative information. To the extent Plaintiff seeks information for the stated purpose of identifying Doe, it is not necessary to obtain all "[c]orrespondence."

**REQUEST NO. 6:**

Correspondence exchanged by and between Coinbase and any third-party concerning or relating to JOHN DOE. NOTE: The requested correspondence is not to include any Suspicious Activity Reports (SARs) filed by Coinbase with any governmental regulator or other authority, any drafts of such SARs, or any documents that expressly reference any SARs being filed.

**OBJECTIONS TO REQUEST NO. 6:**

Coinbase incorporates its Preliminary Statement and Objections, Objections to Definitions, and Specific Objections Applicable to All Requests above as if set forth fully herein.

Coinbase further objects to this Request as vague, ambiguous, and unduly burdensome because the Request calls for documents relating to the "[c]orrespondence … relating to JOHN DOE," when Plaintiff has not identified "JOHN DOE" to Coinbase, and Coinbase does not know, and does not have the ability to know, the identity of "JOHN DOE."

Coinbase further objects to this Request for "[c]orrespondence exchanged by and between Coinbase and any third-party concerning or relating to JOHN DOE" to the extent such documents are protected from disclosure by the attorney-client privilege, work product doctrine, or any other lawfully recognized privilege.

Coinbase further objects to this Request as overly broad and unduly burdensome, as it requests cumulative and duplicative information. To the extent Plaintiff seeks information for the stated purpose of identifying Doe, it is not necessary to obtain all "[c]orrespondence."

Without confirming or denying the existence of any law enforcement investigation or Coinbase's involvement to relating to any such investigation, Coinbase further objects to this Request to the extent it requires Coinbase to disclose confidential information relating to pending law enforcement investigations, which may undermine the integrity and efficacy of such investigations.

Dated: May 3, 2021

                                             */s/ S. Ashlie Beringer*
                                             S. Ashlie Beringer
                                             aberinger@gibsondunn.com
                                             Wesley Sze
                                             wsze@gibsondunn.com
                                             Jacob Usher Arber
                                             jarber@gibsondunn.com
                                             GIBSON, DUNN & CRUTCHER LLP
                                             1881 Page Mill Road
                                             Palo Alto, CA 94304
                                             Telephone: 650.849.5300
                                             Facsimile: 650.849.5333

                                             *Counsel for Coinbase, Inc.*

## CERTIFICATE OF SERVICE

I, Jacob U. Arber, hereby certify that on May 3, 2021, a true and correct copy of the foregoing NONPARTY COINBASE, INC.'S OBJECTIONS TO PLAINTIFF'S THIRD-PARTY SUBPOENA DUCES TECUM and this CERTIFICATE OF SERVICE was served via e-mail upon David C. Silver, Esq., and Jason S. Miller, Esq. attorneys for Plaintiff, at the following e-mail addresses:

    David C. Silver, Esq.
      dsilver@silvermillerlaw.com
    Jason S. Miller, Esq.
      jmiller@silvermillerlaw.com
    Silver Miller
    11780 West Sample Road
    Coral Springs, Florida 33065

                                          */s/ Jacob U. Arber*
                                          Jacob U. Arber